IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARL WASHINGTON, | § | CIVIL ACTION NO.: 5:14-cv-00700 |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| LAREDO PETROLEUM, INC., LESSLEY SERVICES, LLC, and WIDE OPEN TRANSPORT, INC. | § | **PLAINTIFFS' ORIGINAL COMPLAINT** |
| | § | |
| *Defendant* | § | JURY DEMAND |

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Carl Washington, hereinafter referred to as Plaintiff and complaining of Laredo Petroleum, Inc., Lessley Services, LLC and Wide Open Transport, Inc., hereinafter referred to as Defendant, and for cause of action would respectfully show the court as follows:

**I.**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states or countries.

2. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division because Defendant Wide Open Transport has a principle place of business in San Antonio, Texas.

## II.

## PARTIES

3. Plaintiff Carl Washington is a resident of Detroit, Wayne County, Michigan. Carl Washington is a natural person and sues in his individual capacity.

4. Defendant, Laredo Petroleum, Inc. ("Laredo Petroleum") is a Delaware corporation doing business in the State of Texas. Laredo Petroleum may be served by serving its registered agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. Defendant, Lessley Services, LLC ("Lessley") is a Texas limited liability company. Lessley may be served by serving its registered agent for service of process: Vivian Lessley at 104 N. Thomas Road, White Oak, Texas 75693.

6. Defendant, Wide Open Transport, Inc. ("Wide Open") is a Texas corporation. Wide Open may be served by serving its registered agent for service of process: Frank Chenevert, Jr., at 12126 Valliant Street, Suite 100, San Antonio, Texas 78216.

## III.

## RELEVANT FACTS

7. On February 13, 2014, Carl Washington, an employee of Defendant Lessley and/or Defendant Wide Open, drove a 2006 Peterbilt tractor and tank into Defendant Laredo Petroleum's yard, located on FM 2600 near Big Lake, Texas. The subject truck, which was leased by Defendant Lessley from Defendant Wide Open, was not equipped with an emergency intake shutoff valve prior to the date of the incident. At the direction of employees of Defendant Laredo, Plaintiff then drove his vehicle to a loading area in order to begin loading fracking product into the subject tank. The area in which Plaintiff was loading the tank was not properly

ventilated and, as a result, flammable vapors accumulated in the area in which Plaintiff was loading. Those vapors were ingested by the subject truck's engine and became an ungoverned fuel supply that resulted in a runaway engine, overspeed situation. Since the subject truck was not equipped with an emergency intake shut-off valve, the engine continued in an overspeed situation until it ultimately exploded and caught on fire.

8.  As a direct and proximate result of the explosion and fire, Carl Washington suffered severe burns.

### IV.

### **COUNT ONE: NEGLIGENCE CLAIM AGAINST LAREDO PETROLEUM**

9.  Defendant Laredo exercised and retained control over the manner in which the work was performed by Defendant Lessley Services and/or Defendant Wide Open and their vice-principals, employees and agents at the subject site, including, but not limited to, the manner of work being performed at the time of the incident, as described more fully in the paragraphs above and throughout Plaintiff's Original Petition.

10. Specifically, Defendant Laredo through its agents, servants and employees exercised or retained exclusive control over the location where the subject incident took place.

11. Moreover, Defendant Laredo through its agents, servants and employees exercised or retained exclusive control over the specific manner in which the Plaintiff loaded and unloaded his vehicle and provided him specific directions regarding the same.

12. Defendant Laredo failed to ensure that the area in which the subject vehicle was being loaded was free of toxic, flammable, and/or explosive vapors. Moreover, Defendant Laredo failed to ensure that the area in which the subject vehicle was being loaded was properly ventilated. Additionally, Defendant Laredo failed to properly direct and/or warn Plaintiff

concerning the dangerous vapors.

13. With respect to the loading of the truck, as well as the general safety of the workers at the site, Defendant Laredo was negligent because of the conditions as described herein, posing unreasonable risk of harm to the workers, including Plaintiff. Furthermore, Defendant Laredo had actual knowledge of the dangers and failed to exercise ordinary care to protect Plaintiff and other workers by failing to adequately warn Plaintiff of the conditions and among other things, failing to provide reasonable safe equipment and a reasonably safe work site.

14. Defendant Laredo had a duty to the workers, including Plaintiff, on the premises to engage providers of equipment, services and operators who were certified, knowledgeable and competent to do the work required in a safe and prudent manner. Defendant Laredo breached that duty by failing to have workers present that would ensure proper ventilation of dangerous vapors prior to the loading and unloading of vehicles. Defendant Laredo also breached that duty by failing to have workers present that would ensure that the trucks entering the work site and loading and/or unloading on the work site were properly equipped with emergency intake shut-off valves.

15. The above acts and omissions on the part of Defendant Laredo were a direct and proximate result of the injuries to Plaintiff.

**V.**

**COUNT TWO: NEGLIGENCE AGAINST DEFENDANT LESSLEY**

16. Defendant Lessley leased, maintained, inspected and provided the tractor and trailer that Plaintiff used on the date of the incident.

17. Defendant Lessley, its vice-principals, agents, servants and/or employees

committed various acts and/or omissions constituted negligence. Defendant Lessley's wrongful conduct and negligence was a proximate cause of the injuries sustained by Plaintiff. Specifically, Defendant Lessley maintained the subject vehicle in such a way that it was not suitable for its intended purposes of hauling oil and other hydrocarbons and their byproducts. Moreover, Defendant Lessley failed to ensure that the subject vehicle was properly equipped with an emergency intake shutoff valve prior to the date of the incident.

18. As such, Defendant Lessley's conduct constituted negligence and Plaintiff is entitled to recover judgment for damages in an amount exceeded the minimal jurisdictional limits of this Court.

## VI.

## COUNT THREE: NEGLIGENCE AGAINST DEFENDANT WIDE OPEN

19. Defendant Wide Open was the lessor and provider of the tractor and trailer that Plaintiff used on the date of the incident.

20. Defendant Wide Open, its vice-principals, agents, servants and/or employees committed various acts and/or omissions constituted negligence. Defendant Wide Open's wrongful conduct and negligence was a proximate cause of the injuries sustained by Plaintiff. Specifically, Defendant Wide Open maintained the subject vehicle in such a way that it was not suitable for its intended purposes of hauling oil and other hydrocarbons and their byproducts. Moreover, Defendant Wide Open failed to ensure that the subject vehicle was properly equipped with an emergency intake shutoff valve prior to the date of the incident.

21. Further, Defendant Wide Open was the entity that was responsible for the condition of the subject tractor and trailer on the date of the incident. Defendant Wide Open provided the subject tractor and trailer to Defendant Lessley and, ultimately, provided the same

to Plaintiff.  As a result of Defendant Wide Open's failures to provide proper and safe equipment to Defendant Lessley and Plaintiff, Plaintiff suffered severe and debilitating injuries.

22. As such, Defendant Wide Open's conduct constituted negligence and Plaintiff is entitled to recover judgment for damages in an amount exceeded the minimal jurisdictional limits of this Court.

## VII.

## CAUSATION

23. Plaintiff incorporates herein all of the foregoing allegations.

24. Defendants' actions and inactions were a producing and/or proximate cause, as those terms are applied in the law in the State of Texas, of the injuries to Carl Washington and the damages sustained by him.

## VIII.

## DAMAGES

25. As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, lost wages, lost earning capacity, and incurred reasonable and necessary medical expenses for the care and relief of his injuries.  Additionally, as a result of this incident, Plaintiff will incur reasonable and necessary medical expenses in the future.  Plaintiff brings this suit to recover damages for said injuries incurred in the past and those that he will, and in all reasonable medical probability, suffer in the future.

26. For a long time to come, if not for the rest of his life, Plaintiff will continue to suffer physical injuries, physical impairment, disfigurement, pain and suffering, and mental

anguish, and will continue to incur health care costs.   Plaintiff now sues for all of these damages in an amount that exceeds the minimum jurisdictional limit of this Court.

27.    Plaintiff is entitled to recover all pre-judgment and post-judgment interest as allowed by law, along with their costs of court.

## IX.

## CONDITIONS PRECEDENT

28.    All conditions precedent to recovery of said damages by all of said Plaintiff have been satisfied.

## X.

## JURY DEMAND

29.    Plaintiff requests a jury in this cause and have tendered payment.

**THEREFORE,** Plaintiff requests that Defendants be cited to appear and answer herein and that on final trial, Plaintiff have judgment against Defendants for:

1. All medical expenses in the past and future;
2. Mental anguish in the past and future;
3. Physical pain in the past and future;
4. Physical impairment in the past and future;
5. Lost wages;
6. Lost earning capacity;
7. Disfigurement in the past and future;
8. Pre- and post-judgment interest as allowed by law;
9. Costs of suit; and
10. Such other and further relief to which Plaintiff may be justly entitled.

**WYATT LAW FIRM, LTD.**

*/s/ James Perrin*
Paula A. Wyatt
State Bar No. 10541400
James F. Perrin
State Bar No. 24027611
70 NE Loop 410, Suite 725
San Antonio, Texas 78216
Telephone:  (210) 340-5550
Facsimile:  (210) 340-5581

ATTORNEYS FOR PLAINTIFF